DECISION.
A jury found the defendant-appellant, Damon Pearson, guilty of one count of aggravated robbery in violation of R.C. 2911.01(A)(1), with two firearm specifications, and one count of robbery in violation of R.C.2911.02(A)((2). Pearson was sentenced to a seven-year prison term and was ordered to pay $220 in restitution to his victim, a driver whose taxi was occupied by Pearson and his two accomplices at the time of the offense.
In his three assignments of error, Pearson argues that (1) the trial court erred by denying his motion to suppress his statement to the police, (2) the prosecutor made prejudicial remarks during closing argument, (3) the trial court erred by granting the state's request for additional charges of complicity with accompanying jury instructions, and (4) his convictions were based upon insufficient evidence and were contrary to the manifest weight of the evidence. Finding none of these assignments to be well taken, we affirm.
The state's case against Pearson was that, on July 6, 1999, he and his two juvenile cousins, Seneca Johnson and Lewis Bryant, took a bus to a Wal-Mart store, where Pearson purchased two boxes of ammunition. One of the boxes contained ammunition for a .25-caliber handgun while the other box contained ammunition for a nine-millimeter handgun. Bryant then called a taxi from Wal-Mart. All three then got into the taxi when it arrived. According to Johnson, who testified for the state, at some point along the drive, Bryant loaded the .25-caliber handgun and gave it to Pearson. Bryant then told the driver to pull over to the side of the road, which he did, and then both Bryant and Pearson held weapons on the driver and took his wallet, the keys to his taxi, and his cellular phone. All three then got out of the cab and ran.
Pearson was subsequently apprehended. While in police custody, he signed a notification-of-rights form and then admitted to Cincinnati Police Specialist Dennis Ficker that he had been one of the three persons in the taxi at the time of the robbery. But Pearson denied to Specialist Ficker that he had been involved in the robbery, singling out Bryant as the lone culprit.
In his first assignment of error, Pearson argues that the trial court erred by failing to suppress his statement to Specialist Ficker because it was not voluntarily made, but, rather, was coerced by promises of leniency. Initially, we note that this assignment appears purely academic, since the statement given to Specialist Ficker was entirely consistent with Pearson's testimony at trial — that he was one of the three persons in the taxi, but did not participate in the robbery. In effect, Pearson's "confession" was exculpatory, corroborating his defense as a prior consistent statement. Thus, any error with respect to the admission of this evidence was harmless as a matter of law.
Further, we find no basis to disagree with the trial court's determination that the statement was voluntarily given. As the trial court observed, Pearson had an eleventh-grade education, was not illiterate, indicated that he understood the rights that he was waiving, and was not shown to have been under any physical duress or coercion. Specialist Ficker testified that he told Pearson that if it turned out that he did not have a gun during the offense, and that he was willing to cooperate by testifying, if necessary, against the others, he would talk to the prosecutor about a lesser, complicity charge. Pearson then made his statement, as previously described. Specialist Ficker testified that further investigation indicated that Pearson was not being truthful, and therefore he did not make efforts to have the charge reduced. We find nothing in this scenario that would amount to coercion or vitiate the voluntary nature of the statement.
Pearson's first assignment of error is overruled.
In his second assignment of error, Pearson argues that the prosecutor made improper remarks during closing argument. In order to obtain a reversal on such a claim, Pearson must show not only that the remarks were improper, but also that their utterance adversely affected a substantial right. State v. Lott (1990), 51 Ohio St.3d 160,555 N.E.2d 293. Also of significance is whether Pearson's counsel objected to the remarks, affording the trial court an opportunity to give curative instructions to the jury. State v. Hill (1977),52 Ohio App.2d 393, 370 N.E.2d 775. Finally, as the state points out, the remarks cannot be assessed in a vacuum, but must be considered in context. State v. Keenan (1993), 66 Ohio St.3d 402, 613 N.E.2d 203.
Pearson did not object to the first set of remarks, in which the prosecutor cautioned the jury not to assume that there had to be more to the case because the evidence was not complex. The prosecutor reminded the jury that Pearson had the right to a jury trial no matter how seemingly simple the case. According to Pearson, these remarks implied to the jury that the state did not have to prove its case beyond a reasonable doubt. We disagree with this interpretation of these remarks, which we hold were not improper and did not imply a lesser standard of proof. Certainly there is nothing in these remarks that would rise to the level of plain error under Crim.R. 52(B).
In the second set of remarks, Pearson argues that the prosecutor improperly suggested to the jury that he was a liar. Actually, the prosecutor expressly told the jurors that they could determine for themselves whether Pearson was lying before pointing out the inconsistencies in his testimony. The prosecutor then concluded, "He [Pearson] was on the stand, and he was deliberately trying to mislead you, to try to save his skin. I think you know that." The prosecutor's argument that Pearson was lying was based upon the evidence, not his personal beliefs, and therefore was not improper.
Pearson's second assignment of error is overruled.
In his third assignment of error, Pearson argues that the trial court erred in granting the state's request for additional charges of complicity along with accompanying jury instructions. This argument neglects, however, the well-settled principle that where the evidence produced at trial reasonably indicates that the defendant was an aider and abettor, as opposed to the principal offender, a jury instruction on complicity may be given without the necessity of an additional indictment. State v. Milliner (1994), 98 Ohio App.3d 262, 648 N.E.2d 528. In such case, the nature of the evidence is sufficient to put the defendant on notice of a potential complicity charge. Here, there was evidence that Pearson purchased the ammunition and held a gun to the taxi driver's head while Bryant was the principal actor in the robbery. We hold, therefore, that the trial court did not err in acceding to the state's request for jury instructions on aiding and abetting and complicity.
In his fourth and final assignment of error, Pearson argues that his convictions were based upon insufficient evidence and were contrary to the weight of the evidence.
In order to prove aggravated robbery, it was necessary for the evidence to show that Pearson had a deadly weapon while in the act of robbing the taxi driver. For the purposes of the two gun specifications, the state was required to show that he had a firearm and that he either displayed it, brandished it, indicated that he possessed it, or used it to facilitate the robbery. R.C. 2911.01(A)(1). In order to prove robbery as charged in the second count of the indictment, it was necessary for the state to demonstrate that Pearson had a deadly weapon as he committed, or attempted to commit, a theft offense, or as he fled afterward. R.C. 2911.02(A)(2).
Although he attacks the weight and sufficiency of the evidence, the crux of Pearson's argument is that "the jury gave too much weight to the testimony of the state's witnesses, notably Seneca Johnson." According to Pearson, "[t]he record supports that Johnson would have told the jury anything they wanted to hear as long as he got his sentencing deal from the state * * *."
It is well settled that determining the credibility of a witness is primarily the province of the jury. State v. DeHass (1967),10 Ohio St.2d 230, 237 N.E.2d 212, paragraph one of the syllabus. Further, in reviewing a challenge to the sufficiency of the evidence, a reviewing court is obliged to view the evidence in the light most favorable to the prosecution. State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. Clearly, if the state's witnesses were believed, there was sufficient evidence for the jury to find that Pearson purchased the ammunition for the weapons and then participated in the offenses to the extent that he held a weapon to the head of the victim.
Nor can we say, even sitting as a thirteenth juror, that Pearson's convictions were contrary to the weight of the evidence. There is nothing inherently unreliable about the testimony of the taxi driver and Johnson. The authority to reverse a conviction based on the weight of the evidence is to be used sparingly, and only in the exceptional case where it is clear that the jury lost its way or committed a manifest miscarriage of justice. Thompkins, supra. There is nothing in this case that would lead us to such a conclusion.
Accordingly, Pearson's fourth and final assignment of error is overruled.
HILDEBRANDT, P.J., GORMAN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.